**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1758-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JORDAN D. DAVIS,

     Defendant-Appellant.

_____

Submitted March 11, 2024 – Decided March 26, 2024

Before Judges Sabatino and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 13-01-0053.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Debra Grace Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jordan Davis appeals from the July 7, 2022 order denying his petition for post-conviction relief ("PCR"). We affirm.

In 2012, defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); first-degree felony murder, N.J.S.A. 2C;11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1(a)(1); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(1); second-degree burglary, N.J.S.A. 2C:18-2; and third-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2 and 2C:18-2.

Defendant's charges arose from an incident which involved defendant, Leon Saunders, Edward Copes, and Jeremy Smith. In April 2020, the four met and discussed a plan that involved going to an individual's home to secure, by force if necessary, money allegedly owed to Saunders for drugs. The four men then went to the house in Bridgeton where the victim was located. Defendant was in possession of a shotgun and two of his co-defendants were in possession of other firearms. When they arrived, the victim, Kevin Pierce, was led to the basement. When he did not produce money, Saunders shot him three times, causing his death. All four defendants fled in the same vehicle.

In April 2015, defendant entered into a plea agreement with the State, where in return for his guilty plea to first-degree robbery, the State would

dismiss all remaining charges and recommend a term of fifteen years of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. As part of his plea agreement, in paragraph twenty-one, defendant waived his right to appeal pursuant to Rule 3:9-3(d). Regarding this waiver, the court explained:

> That does not mean you cannot file an appeal. It means that if you do so, you may be giving an opportunity to the Prosecutor to withdraw from the plea agreement and reinstate all of the charges against you to the position they held prior to the entry of your plea.

Defendant responded affirmatively as to understanding the court's explanation.

Defendant appeared for sentencing on October 8, 2015. At sentencing, there was an issue with determining the appropriate amount of jail credits because defendant was facing other charges and sentences. At that time, defendant's counsel was able to re-negotiate the plea to an adjusted recommended sentence of fourteen and one-half years of incarceration, saving the defendant another six months of incarceration. As such, he was sentenced to that re-negotiated amount. The court again informed defendant he could appeal, even though the plea agreement stated he waived appeal.

A-1758-22

Defendant did not file a direct appeal. However, defendant filed a timely PCR petition. In his petition, defendant contended his plea counsel had rendered ineffective assistance of counsel by failing to represent him adequately at sentencing, not raising his youthfulness as a mitigating factor, and misadvising him about the consequences of filing a sentencing appeal.

After hearing oral argument, the Honorable Joseph M. Chiarello, J.S.C., ordered an evidentiary hearing for the limited purpose of determining whether defendant was accurately instructed about his appeal rights in relation to his guilty plea. He reserved decision on other claims raised in defendant's petition until disposition of the evidentiary hearing.

On April 13, 2022, the Honorable Kevin T. Smith, J.S.C., heard testimony from both defendant's attorney and defendant and on July 7, 2022, issued an order denying relief with an accompanying twenty-five-page opinion in which he found defendant's claims substantively lacked merit. He found defendant failed to meet the Strickland/Fritz test to establish his plea counsel rendered ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987) (adopting Strickland). The court found defendant failed to sustain his burden of showing that, under the facts of this case, but for counsel's missteps, defendant would not have pleaded guilty.

4

Additionally, the court found defendant elected to remain mute at sentencing when advised of his allocution right, thereby failing to object to the sentence to be imposed under the favorable plea agreement.

On appeal, defendant raises the following argument:

POINT I.

TRIAL COUNSEL DEPRIVED DEFENDANT OF EFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM THAT IF HE PURSUED A SENTENCING APPEAL, HIS GUILTY PLEA WOULD BE NEGATED; THEREFORE, DEFENDANT'S SENTENCE MUST BE VACATED AND THIS MATTER BE REMANDED FOR RESENTENCING.

Having considered defendant's claims, the record, and applicable legal principles, we affirm for the reasons set forth in Judge Smith's thorough and well-written opinion. We add the following comments.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). "An appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a

witness he has observed firsthand." Nash, 212 N.J. at 540 (citing State v. Locurto, 157 N.J. 463, 474 (1999)). Thus, where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete[,] and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." State v. Johnson, 42 N.J. 146, 162 (1964). However, "we need not defer to a PCR court's interpretation of the law[,]" which we review de novo. Nash, 212 N.J. at 540-41; see also State v. Harris, 181 N.J. 391, 415-16 (2004).

In seeking PCR, a defendant must prove counsel was ineffective by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland 466 U.S. at 687. Failure to render adequate legal advice at the pleading stage can represent such inadequacy and prejudice. See Cortez v. Gindhart, 435 N.J. Super. 589, 600 (App. Div. 2014).

Applying these standards, and for the reasons expressed by Judge Smith, we are convinced defendant failed to demonstrate he was prejudiced in the outcome of his case, meaning he would not have accepted such a favorable plea offer. Therefore, defendant has not satisfied the second prong of the Strickland test. Defendant, facing up to life imprisonment if convicted at trial, received a sentence of less than fifteen years. His counsel's zealous advocacy secured him this sentence.

Finally, to the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1758-22